UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

SMI SECURITY MANAGEMENT, INC.,[1]   Case No. 13-29728-LMI
                                      Chapter 11
         Debtor.
_____/

### DEBTOR'S RESPONSE TO SECURED CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SMI Security Management, Inc. ("*SMI*" or the "*Debtor*"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362, files its Response (the *"Response"*) to Secured Creditors'[2] Motion for Relief from the Automatic Stay (the "*Motion*")[ECF No. 45]. In support, the Debtor respectfully states as follows:

### Background

1.      On August 20, 2013 (the "*Petition Date*"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.      The Debtor is operating its business and managing its affairs as a debtor in possession. 11 U.S.C. §§ 1107(a) and 1108.

3.      On September 25, 2013, the Judgment Creditors[3] filed their Motion.

4.      On October 7, 2013, the Debtor filed its Motion for Court Order of Referral to Mediation (the *"Mediation Motion"*)[ECF No. 48].

---

[1] The Debtor's current mailing address is 2555 NW 102 Ave, Suite 102, Doral, FL 33172. The last four digits of the Debtor's TID number is 2082.
[2] The Debtor objects to the use of the name "Secured Creditors."
[3] All capitalized terms used herein shall have the same meaning ascribed to them in the Motion.

5. On October 9, 2013, the Court heard the Mediation Motion and ordered that the Debtor and Judgment Creditors shall mediate their disputes on or before December 15, 2013 (the *"Mediation"*).

### The Judgment Creditors' Motion Should be Denied, or in the Alternative, Stayed Until After Mediation

6. "In order to fully liquidate the amounts due to [them] in the Cables Litigation and Molina Litigation, the Judgment Creditors, through their Motion, seek stay relief for cause (pursuant to 11 U.S.C. § 362(d)), in order to:

- "be permitted to supplement the fee motion for any reasonable attorneys' fees and costs of the [Cables Litigation] incurred on their behalf since October 3, 2012, and to permit the District Court to render a final ruling regarding attorneys' fees;" and

- "be permitted to supplement the fee motion for any reasonable attorneys' fees and costs of the [Molina Litigation] incurred on their behalf since January 25, 2013, and to permit the District Court to render a final ruling to liquidate the full amounts owing to Plaintiffs under the FLSA judgments."

*See* Motion at pgs. 4 and 5, respectively.

7. The relief the Judgment Creditors seek is improper. Aside from the fact the Judgment Creditors' Motion does not list or identify any "cause" factors contemplated by Section 362(d), the Judgment Creditors appear to be seeking relief from the automatic stay to obtain additional attorneys' fees and costs (both pre- and post-petition) from the Debtor.

8. In the Molina Litigation,[4] the District Court has already entered its Order Adopting Magistrate Judge's Report and Recommendation, which was docketed on July 16, 2013, and which awards the Judgment Creditors in the Molina Litigation attorneys' fees of

---

[4] *Ulises Molina, et al. v. SMI, et al.*, Case No. 11-24245-ROSENBAUM/Hunt.

$110,477.50 (the "*Molina Litigation Fee Award*") [ECF No. 240 in the Molina Litigation]; and, a Judicial Lien Certificate was filed on August 7, 2013, Document No. J13001215301, in the amount of $110,477.50, thirteen (13) days prior to the Debtor's Petition Date.  The Molina Litigation Fee Award further provides that "[t]his case shall remain closed."  Accordingly, the Judgment Creditors in the Molina Litigation should not be granted stay relief because the District Court has already entered a final ruling liquidating their attorneys' fees and ordered that the "case shall remain closed."

9. In the Cables Litigation, a Report and Recommendation was entered on July 16, 2013, wherein the Magistrate Judge recommended an award of attorney's fees in the amount of $260,529.28 [ECF No. 281 in the Cables Litigation] (the "*Recommendation*").  The Debtor timely filed its Objection to the Recommendation on August 9, 2013 [ECF No. 288 in the Cables Litigation], and a Reply to the Recommendation was filed on August 14, 2013 [ECF No. 289 in the Cables Litigation].  As a result of the Debtor's voluntary petition, the District Court entered its Order Staying and Administratively Closing Case upon Suggestion of Bankruptcy [ECF No. 291 in the Cables Litigation].

10. The Debtor submits that granting the Judgment Creditors (in either the Molina Litigation or Cables Litigation) stay relief would create a great prejudice on the Debtor due to the fact that the Debtor, which is cash strapped, would need to retain special counsel to represent it in the Molina Litigation and/or Cables Litigation.  *See In re SCO Group, Inc. (395 B.R. 852, 857 (Bankr. D. Del. 2007)* (noting an equitable balance test used by Bankruptcy Courts to determine if cause exists to lift the automatic stay to allow litigation to proceed or continue in another forum); *see also In re Murray Industries, Inc.* (whether to grant relief from the automatic stay to allow litigation to proceed in another forum is within the sound discretion of the Bankruptcy

Court).  Such special counsel would need to defend any supplemental motions for attorneys fees filed by the Judgment Creditors (which supplemental motions they will file – whether proper or not), and possibly attend further hearings.  Moreover, it is unclear what impact such supplemental motions may have in this case.  For example, the Judgment Creditors request for post-petition attorneys' fees will give rise to bankruptcy law issues (especially since the Judgment Creditors are not secured) – which in turn will give rise to more administrative expenses in this estate.

## Conclusion

11.    To be sure, the Judgment Creditors have not presented this Court with any authority or case law supporting the relief they seek in their Motion.  For this reason alone, the Judgment Creditors' Motion should be denied in its entirety.  However, the Court should also deny the Judgment Creditors' Motion because lifting the automatic stay will create an undue hardship on the Debtor.  If the Court does consider granting the Judgment Creditors stay relief, the Debtor (in the alternative) requests that the Court stay the Motion until such time that the Debtor and the Judgment Creditors attend the Mediation.

WHEREFORE, the Debtor respectfully requests entry of an order denying the Judgment Creditors' Motion, or in the alternative, stays the Motion until the completion of the Mediation between the Debtor and the Judgment Creditors, and granting such other and further relief this Court deems fair and equitable.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served on October 9, 2013, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

                                        s/ Daniel N. Gonzalez
                                        Peter D. Russin, Esquire
                                        Florida Bar No. 765902
                                        prussin@melandrussin.com
                                        Daniel N. Gonzalez, Esquire
                                        Florida Bar No. 592749
                                        dgonzalez@melandrussin.com
                                        MELAND RUSSIN & BUDWICK, P.A.
                                        3200 Southeast Financial Center
                                        200 South Biscayne Boulevard
                                        Miami, Florida  33131
                                        Telephone: (305) 358-6363
                                        Telecopy: (305) 358-1221

                                        *Attorneys for Debtor-In-Possession*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24245-CIV-ROSENBAUM

ULISES MOLINA, individually,
FRANK DELGADO, individually,
and others similarly situated,

    Plaintiffs,

v.

SMI SECURITY MANAGEMENT, INC.,
a Florida for profit corporation,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court upon Plaintiffs' Verified Motion for Attorneys' Fees[1] [D.E. 185], which was referred to the Honorable Patrick M. Hunt for proposed findings and a recommended disposition. Recently, Judge Hunt submitted a Report and Recommendation [D.E. 224] in which he recommended that the Court grant Plaintiffs' Motion in part and award Plaintiffs attorney's fees in the amount of $110,477.50. Judge Hunt also recommended that the Court deny a hearing on the Motion for Fees, stating that such a hearing was not necessary to the disposition of the straightforward attorney's fees petition. Defendants filed Objections to the Report and Recommendation [D.E. 228], and Plaintiffs filed a Response to Defendants' Objections. [D.E. 230]. Defendants also requested oral argument on their Objections to the Report and Recommendation.

---

[1] Although this matter involved thirty-three plaintiffs, the Motion for Attorneys' Fees pending before the Court was filed as a result of twenty-five settling plaintiffs acceptance of offers of judgment. The remaining eight Plaintiffs recently agreed to settle their remaining claims with Defendants.

EXHIBIT A

[D.E. 229]. The Court finds that oral argument is not necessary and, therefore, denies Defendants' request for hearing.

The Court has conducted a *de novo* review of Plaintiffs' Verified Motion for Attorneys' Fees, all supporting and opposing filings, Judge Hunt's Report and Recommendation, Defendants' Objections, Plaintiffs' Response, and the entire record. After careful consideration, the Court now overrules Defendants' Objections and adopts Judge Hunt's Report and Recommendation.

## *II. Discussion*

Defendants object to the Report and Recommendation, asserting that the hourly rates awarded (*i.e.*, $375.00 per hour for attorney Sanchez and $350.00 per hour for attorney Stieglitz) were inappropriate in this "relatively simple FLSA case." *See* D.E. 228 at 1. Although Defendants concede that Defendant SMI agreed to Mr. Sanchez's rate in a prior case, they attempt to distinguish that case from the instant one. In support of their argument that the hourly rate should be reduced, Defendants cite to the recent case of *Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001525 (S.D. Fla. July 23, 2012), arguing that both attorneys for Plaintiffs should not be compensated at a partner-type rate. Instead, Defendants contend that attorney Stieglitz's rate should be reduced to that of an associate attorney.

Defendants further object to the Report and Recommendation's conclusion with respect to the number of hours expended by Plaintiff's counsel. In this regard, they contend that the total number of hours expended was excessive. For the first time, in its objections, Defendants itemize the hours that they believe are excessive and warrant reduction. Although Defendants state that they accept Judge Hunt's recommendation that the Court deduct 14.1 hours of time from Mr. Stieglitz's time, they argue that 18 hours of attorney time should also be deducted from Mr. Sanchez's billable

2

hours. Defendants further complain that an additional 26.7 hours of billable time should be reduced from the award because these entries relate to unsuccessful or over-litigated issues and they assert that an additional 13.1 hours of time that was spent by Mr. Sanchez after the Rule 69 Offers of Judgment were accepted should be reduced. Finally, Defendants posit that a further reduction in the lodestar is warranted due to the limited success that Plaintiffs achieved.

After careful consideration, the Court finds Judge Hunt's Report and Recommendation to be persuasive and correct on the issue of Plaintiffs' attorneys' fees. Defendants' objections are unpersuasive, and Judge Hunt's recommendation is fair and accurate. First, significantly, when the Motion for Fees was initially referred to the magistrate judge, Judge Hunt found that Defendants had failed to comply with Local Rule 7.3(b) by not providing any detailed objections to Plaintiffs' request for attorney's fees in the draft motion for fees that Plaintiffs served on Defendants. *See* D.E. 190. Therefore, on March 20, 2013, Judge Hunt ordered Defendants to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount." *See* D.E. 190 at 2. In response, Defendants sent a letter to Plaintiffs on March 29, 2013, indicating that they disputed the hourly rate requested, believed that excessive hours were billed, and contended that some of the entries for Mr. Stieglitz were "insufficiently descriptive." Other than a handful of particular entries, the letter did not contain a line-by-line specification of the entries to which Defendants objected. Thus, despite having been given an additional opportunity by Judge Hunt, Defendants still did not provide Plaintiffs — or Judge Hunt, for that matter — with any sort of detailed line-by-line objection to the fees sought.

Second, despite being provided with an extension of time to respond to the Motion for Fees, Defendants failed to file their response within the time set forth by Judge Hunt. More specifically,

3

Judge Hunt directed Defendants to file a response to the Motion for Fees within twenty days of the date of his March 20, 2013, Order (*i.e.*, April 9, 2013). But Defendants did not file their response to the motion until April 19, 2013 — ten days late. Again, the response did not challenge specific time entries, but rather, set forth the conclusory opinion that 49.8 hours of attorney Sanchez's time should be reduced and 45.9 hours of attorney Stieglitz's time should be reduced. Additionally, Defendants argued that, given the partial success achieved and the alleged over-litigation, Plaintiffs' counsel's award should be further reduced. Finally, Defendants asserted that each counsel's hourly rate should be cut by $100 per hour.

Despite Defendants' failure to adhere to Local Rule 7.3(b), their failure to file a timely response to the Motion for Fees, and their failure to provide challenges to specific time entries, Judge Hunt examined the Motion for Fees and Defendants' response in detail, evaluating all of the billing entries in order to attempt to discern the specific and unidentified entries that Defendants opposed. In making the recommendation that Plaintiffs' counsel was entitled to $110,477.50, Judge Hunt noted that the record reflected over two-hundred time entries that spanned from November 2011 through the present. After conducting his review, Judge Hunt found that no deductions to attorney Sanchez's billable time were warranted. On the other hand, Judge Hunt deducted time from attorney Stieglitz's hours for duplication of tasks performed by Sanchez, time spent on administrative tasks, and insufficiently descriptive entries (*i.e.*, "review court filings"). Overall, Judge Hunt deducted 14.1 hours of attorney Stieglitz's time. Judge Hunt also found that the rates charged by attorneys Sanchez (*i.e.*, $375/hour) and Stieglitz ($350/hour) were reasonable.

The Court agrees with Judge Hunt that, under the particular circumstances of this case, the hourly rates sought by attorneys Sanchez and Stieglitz are reasonable. First, as noted by Judge Hunt,

defense counsel admitted that he typically charges $400.00-$600.00 per hour, but as a "courtesy to his client" in this case, billed $350.00 per hour. Thus, it is difficult for defense counsel to seriously contend that the similar rates charged by Plaintiffs' counsel are unreasonable. Second, as Judge Hunt pointed out, the same Defendant, in a different case two years ago, agreed to pay attorney Sanchez the same rate (*i.e.*, $375.00/hour) sought in this case. Although Defendants attempt to distinguish that earlier case from the instant one, the Court finds no significant distinction.

Similarly, the Court disagrees with Defendant's characterization of the instant matter as a "garden-variety," "typical," or "simple" FLSA case. To the contrary, the underlying matter included thirty-three plaintiffs and opt-in plaintiffs in a certified collective action. As recognized by Judge Hunt, the case involved unique issues of law and fact. Indeed, as Judge Hunt recognized, the case, "from a factual standpoint, required proving the late payments made to each of the numerous Plaintiffs during specific time periods which required detailed communications with each class member and review and analysis of 'tomes of financial information from the Defendants.'" *See* D.E. 224 at 8-9. Also unlike the "typical" FLSA case, this matter raised issues of Plaintiffs who claimed that they were paid ten days late, Plaintiffs who were issued pay checks without sufficient funds to cover the checks and whose checks were returned for insufficient funds, and Plaintiffs who were required to stand in long lines to pick up late pay checks.

With respect to Defendants' argument that it is "unfair" for both attorneys Sanchez and Stieglitz to bill at a full partner rate, the Court first notes that, this argument, like many others, was set forth for the first time in Defendants' Objections to the Report and Recommendation. The Court need not address arguments that are made for the first time in objecting to the magistrate judge's report and recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) (district

court did not abuse discretion in declining to consider arguments that were not presented to magistrate judge, but, rather, were raised for the first time in objection to report and recommendation).

Even if these arguments were timely, however, the Court finds that *Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001525 (S.D. Fla. July 23, 2012), upon which Defendants rely, is distinguishable from this case. First, *Screen* involved one plaintiff, unlike the instant matter which involved thirty-three plaintiffs. The *Screen* Court also described the case as a "garden-variety" FLSA case that did not require two experienced partners to be trial lawyers. As noted previously, the Court finds that this matter does not fall into the category of a "garden-variety" FLSA case.

Second, *Screen* involved an attorney who was sitting as second chair during the trial of the case. The Court found that two partners were not needed to participate in the trial of the straight-forward FLSA case. The instant case does not involve the same second-chair scenario in which two partners participated in trial. Rather, the time billed by Stieglitz was time that would have otherwise been billable by Sanchez. In other words, the work that Stieglitz did was not duplicative of that performed by Sanchez. And, to the extent that any small amount of work was duplicative, Judge Hunt accounted for such duplication of efforts in reducing Stieglitz's hours. For these reasons, *Screen* is not instructive in this case. Consequently, the Court agrees with Judge Hunt that the hourly rates billed by attorneys Sanchez and Stieglitz were reasonable under the particular circumstances of this case.

Moreover, with respect to the time entries that Defendants contend reflect excessive hours, Defendants have never previously set forth the detailed line-by-line objections now before the Court in their Objections to the Report and Recommendation. Defendants' challenges are therefore

untimely. Besides being untimely, the challenges contained in the Objections differ significantly from those set forth in Defendants' initial Response to the Motion for Fees. Accordingly, the Court declines to entertain Defendants' untimely arguments herein.

With respect to Defendants' argument that the award of attorneys' fees recommended by Judge Hunt is disproportionate to the amount obtained by Plaintiffs, the Court finds this argument to be unpersuasive. Where the fees where reasonably incurred, courts routinely award attorney's fees far in excess of the judgment obtained by plaintiffs in FLSA actions. *See Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806-07 (11th Cir. 2011); *Friedman v. S. Florida Psychiatric Associates, Inc.*, 139 F. App'x 183 (11th Cir. 2005); *Tyler v. Westway Auto. Serv. Ctr.*, Inc., 2005 WL 6148128, at * 5 (S.D. Fla. Mar. 10, 2005); *Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001525, at * 5 (S.D. Fla. July 23, 2012); *cf. City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff....'") (citation omitted); *see also Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1327 (M.D. Fla. 2001) (citations omitted). Here, no circumstances exist that warrant a further reduction of the lodestar amount other than the reductions outlined by Judge Seltzer in his Report and Recommendation.

### III. Conclusion

For the foregoing reasons, the Court agrees with Judge Hunt's Report and Recommendation, finding it to be well-reasoned, compelling, and correct. Accordingly, Defendants' Objections are overruled. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Judge Hunt's Report and Recommendation [D.E. 224] is hereby **AFFIRMED and**

**ADOPTED**;

2.  Defendant's Objections to Judge Hunt's Report and Recommendation [D.E. 228] are hereby **OVERRULED**.

3.  Defendants' Request for Oral Argument on Plaintiffs' Motion for Attorneys' Fees [D.E. 204] is **DENIED** and Plaintiffs' Verified Motion for Attorneys' Fees [D.E. 185] is hereby **GRANTED** in part, consistent with this Order and the Report and Recommendation;

4.  Defendants' Request for Oral Argument on Objections to Magistrate Judge's Report [D.E. 229] is **DENIED**.

5.  Plaintiffs are awarded attorney's fees of $110,477.50.

6.  This case shall remain closed.

**DONE AND ORDERED** in Fort Lauderdale Florida, this 15th day of July 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt

Counsel of record

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

- Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Anthony F. Sanchez    afs@laborlawfla.com, faz@laborlawfla.com
- Howard S Toland    htoland@mitrani.com

**Exhibit 1**